### NATIONAL FOLDING–BOX & PAPER CO. v. MUNSON & CO. et al.

(Circuit Court, D. Connecticut. January 20, 1900.)

#### No. 988.

PATENTS—INFRINGEMENT—PRELIMINARY INJUNCTION.

> The Marburg patent, No. 291,615, for improvements in paper slide boxes, considered on an application for a preliminary injunction; and the showing as to infringement *held* insufficient, in view of the limitations upon the scope of the patent by the prior art, to warrant the granting of an injunction.

This is a suit in equity for infringement of a patent.

W. D. Edmonds, for complainant.
Beach & Fisher, for defendants.

TOWNSEND, District Judge. On motion for preliminary injunction. The bill alleges infringement by defendant corporation, and by defendants Harvey S. Munson and Edward B. Munson individually and as officers of said corporation, of patent No. 291,615, granted January 8, 1884, to T. Marburg. Complainant's counsel admits that the alleged invention "relates to a humble art, * * * and is an inconspicuous step forward," but contends that "the circumstances surrounding it seem to entitle it to credit as being more than a mere obvious expedient." Complainant's patent, referring to certain defects in the paper slide boxes of the prior art, states as follows:

> "The present invention consists in providing a box-slide whose end or ends carry tucking-flaps, but whose body consists of free, unattached parts, with incisions dividing its bottom from its sides for a distance sufficient to admit the said end or ends to be folded back to expose the contents, as will most fully hereinafter appear."

The four claims cover such incisions severing the sides from the bottom. Two of said claims cover a flap "severed at a"; the third covers "the severings, a"; the fourth covers "sides * * * severed from the bottom." All the drawings show the incisions or severings, a, in the folding line between the bottom and sides. Defendants manufacture their boxes under patent No. 602,664, granted to Harvey S. Munson April 18, 1898, for a box in which there are two slits in opposite sides of the bottom, practically at right angles to each other, and neither of which is in the line of the severings, nor divides the side of the box from the bottom. The specific limitations upon the scope of complainant's patent, the affidavits and pat-

ents of defendants showing the state of the prior art, the fact that defendants are manufacturing a different box under their subsequent patent, and the admission of complainant's expert that Marburg's invention consisted "of a judicious selection of a certain location for the cuts," leave the question of infringement in such doubt that the motion for a preliminary injunction must be denied.

The chief contention of complainant's counsel in his briefs and argument was that the individual defendants and defendant corporation were estopped to deny the validity of the Marburg patent, because said individuals sold said patent to complainant, organized the defendant corporation, own much more than a majority of its capital stock, and control its business. The conclusion reached dispenses with the necessity of considering either the question of patentable novelty or of estoppel. The motion is denied.